**UNITED STATES of America,**

v.

**Charles R. NAMEY, Appellant.**

Nos. 02–3327, 02–3491.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) July 18, 2003.

Filed Aug. 5, 2003.

Before: MCKEE, BARRY, and WEIS, Circuit Judges.

## OPINION

BARRY, Circuit Judge.

Because we write only for the benefit of the parties and the District Court, we will recount the facts only as they pertain to our analysis, rather than reciting them in their entirety.

Appellant Charles Namey was indicted in April 1997 and charged with conspiring to distribute and possess with intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 846. On September 15, 1997, the day on which appellant's trial commenced, the government filed and served an information pursuant to 21 U.S.C. § 851, alleging that appellant had a prior felony drug conviction. Appellant was convicted by a jury and sentenced on January 22, 1999 to twenty years imprisonment after an enhancement was imposed in light of his prior drug conviction. Both his subsequent appeal to this Court and his petition for certiorari to the Supreme Court of the United States were unsuccessful.

On May 11, 2001, appellant filed a *pro se* motion pursuant to 28 U.S.C. § 2255, arguing that his conviction should be vacated, set aside, or corrected on any of several grounds, one of which was an allegation that his sentence was improperly enhanced under 21 U.S.C. § 851. On July 25, 2001, the District Court denied this motion in all respects, save for a hearing that it ordered "solely on the issue of whether trial counsel ... discussed with [Namey] the filing of the Government of the § 851 Notice and its potential effect" on Namey's sentence. (App. at 7). On June 19, 2002, the District Court found that because the government had not furnished appellant with timely notice that it intended to seek a § 851 enhancement, the Court lacked the authority to impose an enhanced mandatory minimum sentence, and it vacated appellant's 20 year sentence. With the enhanced sentence vacated, the District Court reasoned, appellant's ineffective assistance claim was rendered moot.

On August 13, 2002, a resentencing hearing was held, at which time appellant moved for a 5K2.0 downward departure, asserting, as relevant here, that he had never been told he would be sentenced to twenty years if he lost at trial and that his attorney had neglected to discuss any options with him other than that of going to trial. The departure motion was denied, and the District Court sentenced appellant to 168 months imprisonment.

Appellant now appeals the District Court's determination that his ineffective assistance of counsel claim was rendered moot as well as the District Court's denial of his motion for a downward departure. For the following reasons, we will affirm. We have jurisdiction over these appeals pursuant to 28 U.S.C. § 1291.

### Mootness of the Ineffective Assistance Claim

■ The District Court found appellant's ineffective assistance claim to be moot because the enhanced sentence was vacated and, thus, "whether Namey received competent advice with respect to the enhanced sentence is meaningless" (App. at 16). "A central question in determining mootness is whether a change in circumstances since the beginning of the litigation precludes any occasion for meaningful relief," and whether or not a "case and controversy remains." *Old Bridge Owners Co-op. Corp. v. Township of Old Bridge*, 246 F.3d 310, 314 (3d Cir.2001). Here, despite the District Court's June, 2002 mootness determination, the Court later addressed itself to the ineffective assistance claim itself when it found that "[t]he evidence is clear that no deal was offered, that no plea was offered by the Defendant himself," and that while trial

counsel had "tried to work out a deal, ... the Government was not interested in that deal." (App. at 546–47). The District Court specifically found credible trial counsel's testimony that, among other things, "the Defendant never would have testified against his co-defendants and that we are in the same situation here as we were [in] back in 1997, ... when [appellant] says he lacked knowledge about [an] enhancement." (*Id.* at 547). Counsel also testified that he advised appellant what sentence he faced if convicted.

In light of these findings, and in light of the fact that they rendered the prejudice prong of appellant's required showing under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), insurmountable, we see no basis upon which to resurrect the ineffective assistance claim on the record before us. Moreover, we reject without further discussion appellant's protestations that insufficient factual findings were made to dispose of that claim.

### The Downward Departure

█ Appellant also argues that the District Court abused its discretion when it declined to grant him his requested downward departure. We lack jurisdiction to address this claim, given that the District Court explicitly acknowledged its authority to depart and employed the correct legal standard when declining to do so. *See, e.g., United States v. Vitale,* 159 F.3d 810, 816 (3d Cir.1998).

We will AFFIRM.